Mikeisha **BLACKMAN**,
et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA**,
et al., Defendants.

No. CIV.A. 97–1629(PLF).

United States District Court,
District of Columbia.

June 2, 2003.

*ORDER*

FRIEDMAN, District Judge.

On May 22, 2003, the District of Columbia Office of Administrative Hearings ("OAH") moved for leave to intervene in the above-captioned action for the purpose of participating in the ongoing settlement discussions. OAH asserts that as the newly-created central administrative tribunal for all District of Columbia agencies, it soon will assume responsibility for all special education hearings, and thus it has a right to take part in the formulation of a consent decree that concerns such hearings. *See* Motion of the District of Columbia Office of Administrative Hearings for Leave to Intervene ("OAH Mot.") at 1–2. Specifically, OAH charges that the current draft of the consent decree, if adopted, "would divest OAH of the ability to manage and control its own docket independently, without interference from adversaries litigating within the special education system (the District of Columbia Public Schools ("DCPS"), special education petitioners and their respective counsel)," in violation of District of Columbia law. *See id* at 2.

As a preliminary matter, the Court does not understand why OAH, like the District of Columbia Public Schools and all other District of Columbia agencies and entities, is not properly and adequately represented by the Office of the Corporation Counsel in these settlement negotiations, notwithstanding any authority of OAH to retain its own counsel when it brings suit or is sued. *See* D.C.Code § 1831.05(b)(10) (2002).[1] If OAH is in fact the new home for administrative due process hearings for special education, it necessarily will be affected by the parties' agreement, because any acceptable settlement must include specific time frames for the holding of the administrative due process hearings and due process hearing officer and/or administrative law judge decisions. While OAH asserts that the Corporation Counsel has not represented OAH's interests, such an assertion strikes the Court as being a matter for internal resolution within the District of Columbia government itself *before* any settlement proposal is presented to the Court—if necessary by the Mayor him-

---

1. Regardless of what District of Columbia law may say, of course the District of Columbia must comply with federal law, the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, and all relevant regulations, case law and Court orders.

self—not for this Court. Someone must speak for the District of Columbia government as a whole which is, after all, the named lead defendant in this class action. At the very least, the Corporation Counsel cannot stand mute in the face of OAH's motion to intervene. Accordingly, it is hereby

ORDERED that the Office of the Corporation Counsel is directed to file a response to OAH's motion to intervene on or before June 10, 2003, setting forth with precision the position of the Mayor, the District of Columbia government, the District of Columbia Public Schools, and the Office of the Corporation Counsel with respect to the proposed intervention in this matter by the District of Columbia Office of Administrative Hearings.

SO ORDERED.